Tony COLIDA, Plaintiff–Appellant,

v.

MOTOROLA, INC., Defendant–Appellee.

No. 04–1403.

United States Court of Appeals, Seventh Circuit.

Submitted July 20, 2004.*

Decided July 30, 2004.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

648

Tony Colida, Kirkland, Quebec, pro se. Russell E. Levine, Kirkland & Ellis, Chicago, IL, for Defendant–Appellee.

Before BAUER, POSNER, and RIPPLE, Circuit Judges.

## ORDER

Tony Colida sued Motorola, Inc., for breach of the confidentiality provision in their settlement and license agreement. The district court dismissed Colida's suit for failure to state a claim, and we affirm.

The dispute between Colida and Motorola began when Colida alleged in a separate lawsuit that Motorola had infringed on his cell-phone designs. To resolve the dispute, Colida and Motorola entered into a settlement and license agreement. Under that agreement, in exchange for $50,000, Colida released Motorola from his infringement claims and granted Motorola a perpetual license to all of his cell-phone designs. The agreement also included a confidentiality provision: "While the PARTIES may disclose that they have agreed to a license, all other specific terms of this AGREEMENT are to [sic] maintained as confidential, except and unless both PARTIES agree in writing to the disclosure." According to a copy of the agreement that

Colida attached to his amended complaint, the parties executed the agreement on October 28, 2002.

Three days before the agreement was executed, Motorola apparently faxed a copy of the draft agreement to Colida. In documents that Colida also attached to his amended complaint, Motorola admitted that, before it faxed the draft to Colida on that day, it inadvertently faxed a copy of the draft agreement to one of its cell-phone competitors, Samsung Electronics. Based on this disclosure, Colida sued Motorola in district court for breach of the confidentiality provision contained in the agreement. Colida alleged in his complaint that Motorola's disclosure hurt his bargaining position with respect to his infringement claims against other cell-phone manufacturers, including Samsung.

The district court dismissed Colida's suit for failure to state a claim, without further explanation. Colida then filed what he styled as a motion to reconsider under Fed.R.Civ.P. 59(e), in which he contended that the agreement had actually been effective when he returned a signed copy of the draft agreement to Motorola on October 25, 2002. The district court denied this motion, explaining that Colida's new assertion didn't change the court's conclusion that Colida had failed to state a valid claim for breach of the agreement because the alleged breach occurred before the agreement was effective. Colida filed a timely notice of appeal from the district court's denial of his Rule 59(e) motion, and this brings up for review the underlying dismissal of his suit. *See Kunik v. Racine County,* 106 F.3d 168, 173 (7th Cir.1997).

Colida makes two main arguments on appeal. First, he alludes that the district court misconstrued the effective date of the agreement as October 28 rather than October 25. But the agreement is clear that it was effective as of the date that

both parties signed it, October 28, 2002, three days after the alleged breach occurred on October 25. Although Colida contended in his motion to reconsider that the parties formed a contract on October 25 when Colida approved and signed a draft of the agreement, the agreement is clear that it is not effective until signed by both parties. And, in any case, this alleged contract formation still did not take place until *after* Motorola had inadvertently faxed a draft to Samsung.

Colida's second argument is that, even if the agreement was not yet effective when Motorola disclosed a copy of the draft agreement, this disclosure still constituted breach because the confidentiality provision also prohibited pre-execution disclosure of the terms of the agreement. To state a claim for breach of a contract under Illinois law (which governs this dispute according to the terms of the agreement), Colida must allege that a contract existed, that he performed his obligations under the contract, that Motorola breached the contract, and that he was injured as a result. *See Benge v. State Farm Mut. Auto. Ins. Co.*, 297 Ill.App.3d 1062, 232 Ill.Dec. 172, 697 N.E.2d 914, 917 (1998). Under this framework, Motorola cannot be liable for breach of a term contained in an agreement that was not yet in existence at the time of the alleged breach, and Colida provides no authority to the contrary. Furthermore, the confidentiality provision in the agreement does not state explicitly that it covers pre-execution conduct. Therefore, because Colida did not allege in his complaint that Motorola breached an agreement in effect at the time of the alleged breach, the district court did not err in dismissing his suit. *See Int'l Mktg., Ltd., v. Archer–Daniels–Midland Co.*, 192 F.3d 724, 730–31 (7th Cir.1999); *Anderson v. Anchor Org. for Health Maint.*, 274 Ill.App.3d 1001, 211 Ill.Dec. 213, 654 N.E.2d 675, 683–83 (1995). Accordingly, the dismissal is

AFFIRMED.